**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1232
_____

UNITED STATES OF AMERICA

v.

HAKEEM PARIS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-11-cr-00211-001)
District Judge:  Honorable Mary A. McLaughlin
_____

Argued on September 9, 2014

Before:  SMITH, SHWARTZ and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 25, 2014)

Michael J. Diamondstein, Esquire (**Argued**)
Jason D. Javie, Esquire
Two Penn Center Plaza
1500 John F. Kennedy Boulevard
Suite 900
Philadelphia, PA 19102

Counsel for Appellant

Thomas M. Zaleski, Esquire (**Argued**)
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Counsel for Appellee

O P I N I ON

**ROTH**, Circuit Judge:

Hakeem Paris appeals his conviction and sentence for attempted robbery in violation of 18 U.S.C. §§ 1951(a) and 2.  He argues that the evidence was insufficient to support his conviction and the District Court erroneously denied his motion for a judgment of acquittal.  We will affirm.

**I.  Background**

This case arises from a robbery of a pizzeria in Philadelphia, Pennsylvania, on May 10, 2010, and an attempted robbery of a Wawa convenience store located a few blocks south of the pizzeria on May 23, 2010.  Only the conviction for attempted robbery and the ensuing sentence are at issue in this appeal.

On May 23 at 2:00 a.m., Paris entered a Wawa convenience store wearing a multi-colored knit hat and a dreadlock wig.  Despite the hour and the warm temperature, Paris wore sunglasses, a hooded sweatshirt, and a black jacket.  The store clerk, who was at the front of the store, noticed that Paris was holding his hand in his pocket next to a silver handgun.  Paris stood by the newsstand and, when asked if he needed anything, asked the

2

clerk if there were copies of the *Daily News*.  The clerk, frightened, told him that the store did not have copies of the *Daily News*.  Paris walked out.  After the clerk told his manager that he saw a gun, the manager called the police.

When the officers arrived, they interviewed the employees at the scene.  During these discussions, the officers saw a dark-colored sedan with its headlights off slowly pass by the store.  The manager, who had also seen the vehicle, told the officers that the passenger was wearing the same hat she had seen the man with dreadlocks wearing.  The officers stopped the vehicle and found Paris reclined in the front passenger seat.  The officers could see a multi-colored knit hat and dreadlock wig through the rear window.  When they removed the wig from the floor of the car, a loaded silver gun with a scratched-out serial number fell out.

In October 2010, Paris was charged with one count of conspiracy to commit robbery which interfered with interstate commerce, one count of robbery which interfered with interstate commerce, one count of attempted robbery which interfered with interstate commerce, two counts of carrying and using a firearm during a crime of violence, and one count of being a convicted felon in possession of a firearm.  After a three-day trial, a jury convicted Paris of all charges on December 13, 2012.  Paris moved for a judgment of acquittal on the attempted robbery conviction, which the District Court denied.  Paris appeals.

## II.  Discussion[1]

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.

3

Paris argues that the evidence was insufficient to support the jury's verdict on the attempted robbery charge and the District Court erred in denying his motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.

We review de novo a district court's denial of a judgment of acquittal pursuant to Rule 29. *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006). We must sustain the verdict if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citation omitted). We "must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [our] judgment for that of the jury." *Id.* (citing *United States v. Jannotti*, 673 F.2d 578, 581 (3d Cir. 1982) (en banc)).

To convict a defendant of an attempted crime, a jury must find that the defendant "(1) acted with the requisite intent to violate the statute, and (2) performed an act that, under the circumstances as he believes them to be, constitutes a substantial step in the commission of the crime." *United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006) (citation omitted). A substantial step goes beyond "mere preparation" but falls short of completion of the offense. *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003).

Viewing the record in the light most favorable to the prosecution, the evidence presented at trial demonstrated that Paris acted with the requisite intent to rob the Wawa store and took a substantial step toward commission of the robbery. Paris entered the store in a disguise of a multi-colored knit cap with dreadlocks, sunglasses, and multiple

4

layers of clothing on a warm night. His hand was in his pocket next to the handgun. He saw that the cash register was unattended and lingered at the newsstand before asking for a newspaper and walking out. A rational jury could have inferred that Paris intended to rob the Wawa but did not complete his attempt because there was no one at the register to retrieve the money. The jury also could have rationally concluded that entering a store in a disguise with a hand near a gun was a substantial step toward commission of the robbery.[2]

## III. Conclusion

The evidence was sufficient to support Paris's conviction for attempted robbery. We find the other arguments raised in Paris's brief unpersuasive. Accordingly, we will affirm the judgment of the District Court.

---

[2] Additionally, the jury could have concluded that Paris's conduct constituted "casing." Our sister circuits have held that "casing" a robbery location can constitute a substantial step. *See, e.g.*, *United States v. Green*, 115 F.3d 1479, 1487 (10th Cir. 1997) ("'[R]econnoitering of the object of a crime and the collecting of the instruments to be used in that crime, together, can constitute a substantial step.'") (quoting *United States v. Prichard*, 781 F.2d 179, 181 (10th Cir. 1986)); *United States v. Johnson*, 962 F.2d 1308, 1312 (8th Cir. 1992) ("By driving to the bank with disguises and weapons, slowly circling the bank three times, and stopping once to open the doors of the vehicle, the three crossed the shadowy line from mere preparation to attempt.") (citation and quotation marks omitted).